IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH F. BEGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-1541 |
| | § | |
| CBRE CAPITAL MARKETS | § | |
| OF TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CBRE CAPITAL MARKETS OF TEXAS, L.P. (hereinafter "CBRE" or "Defendant"), Defendant in the above-styled and numbered cause (hereinafter this "Action") and files this response to the First Amended Complaint (the "Complaint") filed by JOSEPH F. BEGGINS (hereinafter "Beggins," "You" or "Plaintiff"), and would show the Court as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint that Beggins was formerly employed by Defendant CBRE Capital Markets of Texas, L.P. as the Chief Executive Officer of GEMSA Loan Services, L.P., an entity formed by a partnership between a CBRE subsidy and GE Capital. Defendant denies all remaining allegations contained in paragraph 1 of the Complaint.

2. Defendant neither admits nor denies the allegations contained in paragraphs 2-4 of the Complaint as they are not factual and they include legal conclusions and, therefore, they are not properly admitted or denied.

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT- Page 1**
R:\1\1751\61263\SubPldgs\Answer to First Amended Complaint

3. Defendant admits the allegations contained in paragraphs 4-6 of the Complaint.

4. Defendant admits the allegations contained in paragraph 7 of the Complaint that Beggins was seconded by CBRE to GEMSA Loan Services, L.P. as Chief Executive Officer from August 2001 until his termination effective January 1, 2016.

5. Defendant admits the allegations contained in paragraphs 8-9 of the Complaint.

6. Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 10 of the Complaint that Beggins had been contacted regarding alternative employment opportunities and that Beggins relied on any representations made by CBRE. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

7. Defendant admits the allegations contained in paragraph 11 of the Complaint.

8. Defendant admits the allegations contained in paragraph 12 of the Complaint that Beggins proposed to CBRE that the proposed Retention Agreement be edited. Defendant neither admits nor denies the remaining allegations contained in paragraph 12 of the Complaint as they are not factual and, therefore, they are not properly admitted or denied.

9. Defendant admits the allegations contained in paragraph 13 of the Complaint that Jeff Majewski was then CBRE's Chief Operating Officer and that Mr. Beggins edited the Retention Agreement and returned it to Mr. Majewski, who told Beggins he would review the proposed changes "with the partners and circle back." Defendant denies Beggins's characterization of his other communications with Mr. Majewski.

10. Defendant admits the allegations contained in paragraphs 14-19 of the Complaint.

11. Defendant admits the allegation contained in paragraph 20 of the Complaint that Beggins continued to follow up with CBRE on the status of the Retention Agreement. Defendant denies that there was no response from CBRE between August 24, 2015 and September 16, 2015.

12. Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 21 of the Complaint.

13. Defendant denies the allegations contained in paragraphs 22-23 of the Complaint.

14. Defendant denies the allegations contained in paragraph 24 of the Complaint that Defendant agreed or promised to pay a Retention Payment. Defendant admits that Defendant did not pay Beggins a Retention Payment.

15. Defendant denies the allegations contained in paragraph 25 of the Complaint that Beggins made a written claim for benefits under CBRE's Severance Plan. Defendant neither admits nor denies the remaining allegations contained in paragraph 25 of the Complaint as they are not factual and they include legal conclusions and, therefore, they are not properly admitted or denied.

16. Defendant denies the allegations contained in paragraph 26 of the Complaint that any payments or benefits were promised to Beggins.

17. Defendant neither admits nor denies the allegations contained in paragraphs 27-29 of the Complaint as they are not factual and they include legal conclusions and, therefore, they are not properly admitted or denied.

18. Defendant denies the allegations contained in paragraph 30 of the Complaint.

19. Defendant denies the allegations contained in paragraph 31 of the Complaint that it made promises or actionable representations to Beggins. Defendant does not have sufficient information to either admit or deny the remaining allegations contained in paragraph 31 of the Complaint.

20. Defendant denies the allegations contained in paragraph 32 of the Complaint.

21. Defendant neither admits nor denies the allegations contained in paragraph 33 of the Complaint as they are not factual and they include legal conclusions and, therefore, they are not properly admitted or denied.

22. Defendant denies the allegations contained in paragraph 34 of the Complaint.

23. Defendant neither admits nor denies the allegations contained in paragraph 35 of the Complaint as they are not factual and they include legal conclusions and, therefore, they are not properly admitted or denied.

24. Defendant denies the allegations contained in paragraphs 36-37 of the Complaint.

## COMPARATIVE NEGLIGENCE

25. Alternatively, Defendant would show that Plaintiff's negligence was greater than any negligence on the part of Defendant, if any, and Defendant prays the Court that the Parties' relative degrees of negligence be assessed pursuant to Section 32.001 through 33.016 of the Texas Civil Practice and Remedies Code, as amended.

## THIRD PARTY NEGLIGENCE

26. In the further alternative, the Incident in question was proximately caused by the negligence of third parties over whom Defendant had no control or right of control. Defendant is entitled to the rights, credits and privileges allowed under Sections 32.001 through 33.016 of the Texas Civil Practice and Remedies Code, as amended.

## RESPONSIBLE THIRD PARTY

27. In the further alternative, pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code, the incident in question was proximately caused by a responsible third party.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are pled, in the alternative, to the extent necessary:

28. The affirmative defense of contributory negligence is pled. Plaintiff's claims are barred, in whole or part, by Plaintiff's contributory negligence.

29. The affirmative defense of laches, waiver and estoppel is pled. Plaintiff's claims are barred, in whole or part, by the doctrines of laches, estoppel and/or waiver.

30. The affirmative defense of unclean hands is pled. Plaintiff's claims are barred, in whole or part, by unclean hands.

31. The affirmative defense of failure to mitigate is pled. Plaintiff is not entitled to recover damages, if any, because Plaintiff failed to mitigate his damages.

32. The affirmative defense of the parole evidence rule is pled as barring Plaintiff's claim and any evidence of alleged representations made other than those contained in the contract(s) at issue in this Action.

33. The affirmative defense of ratification is pled. Plaintiff's claims are barred, in whole or part, by ratification.

34. The affirmative defense of the statute of frauds is pled. Plaintiff's claims are barred, in whole or part, by the statute of frauds.

35. Defendant denies that all conditions precedent to a right of recovery have been satisfied.

36. Any allegedly wrongful acts or omissions of Defendant, if and to the extent such acts and omissions occurred, were legally excused or justified.

37. Plaintiff's claims are barred by the "economic loss" doctrine.

38. Plaintiff has failed to state a claim upon which relief may be granted.

39. Defendant asserts the defense of bona fide error.

40. Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

41. Defendant claims all offsets and credits available.

42. The affirmative defense of any other matter constituting an avoidance or an affirmative defense is pled. Plaintiff's claims are barred, in whole or part, by avoidance, or another affirmative defense.

## RIGHT TO AMEND

43. The right to further amend and/or supplement this pleading at a future date is reserved.

## REQUEST FOR ATTORNEYS' FEES

44. A request is made to recover for all costs and reasonable and necessary attorneys' fees Defendant incurs herein, including all fees necessary in the event of an appeal of this cause to the Fifth Circuit U.S. Court of Appeals, as deemed equitable and just.

## PRAYER

**WHEREFORE**, having fully answered the Plaintiff's First Amended Complaint, Defendant respectfully requests that:

(a) Judgment be entered in Defendant's favor and Plaintiff's action be dismissed with prejudice;

(b) Plaintiff takes nothing against Defendant;

(c) Defendant be forever discharged with respect to Plaintiff's action;

(d) Judgment be entered in Defendant's favor for all costs of this action and reasonable attorneys' fees incurred by Defendant in the defense of this action; and

(e) Such other and further relief be awarded to Defendant as the Court deems just and proper.

Respectfully submitted this 28th day of December, 2017.

Respectfully submitted,

_____
**ROGGE DUNN**
State Bar No. 06249500

Email: dunn@clousedunn.com

**JOHN M. LYNCH**
State Bar No. 24063968
Email: jlynch@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm St.
Suite 5200
Dallas, Texas 75270
(214) 239-2707 (Telephone)
(214) 220-3833 (Fax)

**ATTORNEYS FOR DEFENDANT CBRE CAPITAL MARKETS OF TEXAS, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on this 28th day of December, 2017, on the following:

| | |
|---|---|
| Mark Siurek | ☑ VIA ECF |
| Patricia Haylon | ☐ VIA HAND DELIVERY |
| **WARREN & SIUREK, L.L.P.** | ☐ VIA FAX: |
| 3334 Richmond Avenue, Suite 100 | ☐ VIA EMAIL: msiurek@warrensiurek.com |
| Houston, TX 77098 | ☐ VIA EMAIL thaylon@warrensiurek.com |
| | ☐ VIA REGULAR MAIL |
| | ☐ VIA CERTIFIED MAIL, RRR |

_____
ROGGE DUNN
JOHN M. LYNCH