IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH F. BEGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1541 |
| | § | |
| CBRE CAPITAL MARKETS OF TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION FOR LEAVE TO AMEND

The defendant, CBRE Capital Markets of Texas, L.P., moved for leave to file an amended answer. It filed the motion after the court's deadline for amending pleadings had passed. (Docket Entry No. 22). The plaintiff, Joseph F. Beggins, opposed the motion. (Docket Entry No. 23). Based on the pleadings, the briefing, the record, and the applicable law, the court grants CBRE's motion for leave. The reasons for this ruling are explained below.

**I.    Background**

For nearly 15 years, Beggins was the chief executive officer of GEMSA Loan Services, L.P., a partnership between a CBRE subsidiary and a General Electric Capital Services, Inc. subsidiary. (Docket Entry No. 11 at ¶¶ 1, 7). The partnership between General Electric and CBRE dissolved, and Beggins agreed to oversee the transition. (Docket Entry Nos. 11 at ¶ 1, 15 at ¶ 1). In return, CBRE promised to enter into a written retention agreement with Beggins and provide him a significant retention bonus. (Docket Entry No. 11 at ¶ 1). CBRE admits that it presented Beggins with a retention agreement on July 22, 2015, and that the retention payment it paid out would take the place of any bonus Beggins typically received. (Docket Entry Nos. 11 at ¶¶ 8-9, 15 at ¶ 5). Beggins began his work overseeing the transition. (Docket Entry No. 11 at ¶¶ 10, 22).

1

Beggins submitted revisions of the retention agreement before signing the document. (Docket Entry Nos. 11 at ¶¶ 12-16, 15 at ¶¶ 8-10). Beggins alleges that despite communications with CBRE showing its willingness to make revisions to the agreement, CBRE did not send him a revised agreement to sign and did not pay him when the retention period ended. (Docket Entry No. 11 at ¶¶ 20-22).

Beggins submitted a written claim for benefits under CBRE's severance plan. (Docket Entry Nos. 11 at ¶ 1, 15 at ¶ 1). CBRE denied his claim. *Id.* Beggins then filed this suit seeking damages, unpaid benefits, and attorney's fees under the Texas common law and the Employment Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) (2017). (Docket Entry No. 11 at ¶ 1).

On February 26, 2018, CBRE moved for summary judgment based on exhaustion as an affirmative defense to Beggins's ERISA claim. (Docket Entry No. 16). Beggins responded that CBRE waived the defense by failing to include it in the answer. (Docket Entry No. 19).

On April 26, 2018, after the amended pleadings deadline had passed, (Docket Entry No. 2 at ¶ 2), CBRE moved for leave to file a first amended answer that adds the following paragraph:

> Defendant denies that all conditions precedent to a right of recovery have been satisfied and that Plaintiff failed to exhaust all administrative remedies under the plan. Plaintiff has refused to sign the release prepared by CBRE, Inc. and he failed to properly submit a claim to the administrator of the Severance Pay Policy of CBRE, Inc. through the Human Resources Service Center as provided in section II(A) of the policy.

(Docket Entry No. 22-A at ¶ 36). Beggins responded. (Docket Entry No. 23).

## II. The Legal Standard

Two standards control when a court may grant a motion for leave to file an amended pleading. Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b) provides that once

a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) requires a district court to enter a scheduling order setting deadlines, including for pleading amendments. *See* Fed. R. Civ. P. 16(b)(1). By limiting the time for amending pleadings, Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed." *See id.* (Advisory Committee Notes to 1983 Amendment). A district court has "broad discretion" in ruling under Rule 16 and Rule 15, "to preserve the integrity and purpose of the pretrial order" and to manage the case fairly and efficiently. *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

The Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend filed after the deadline set in a scheduling order. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The "good cause" standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Courts consider four factors in deciding if there is good cause to amend a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quotation marks and citations omitted).

If the movant satisfies Rule 16(b)'s requirements, the court determines whether to grant leave to amend under the more liberal Rule 15(a)(2) standard. *S&W Enters.*, 315 F.3d at 536. A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive[,] . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

### III. Analysis

CBRE first argues that the court should consider its motion for leave to amend under Rule 15(a). (Docket Entry No. 22 at ¶ 12). Rule 15(a) is not the appropriate standard because CBRE filed the motion for leave to amend after the amended-pleadings deadline expired. Fed. R. Civ. P. 16(b). But because CBRE has shown good cause to amend under Rule 16(b), the court grants its motion for leave.

CBRE's proposed amended answer adds the affirmative defense that Beggins failed to exhaust his administrative remedies under ERISA. (Docket Entry No. 22-A at ¶ 36). *See Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corp.*, 215 F.3d 475 (5th Cir. 2000) ("[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."). CBRE's "explanation for the failure to timely move for leave to amend" was its belief that its failure-to-meet-conditions-precedent-defense encompassed the exhaustion defense. (Docket Entry No. 22 at ¶¶ 8, 12, 15); *Sw. Bell Tel.*, 346 F.3d at 546. CBRE cites no cases holding that the affirmative defense of failing-to-meet-conditions-precedent includes the failure-to-exhaust-defense. Rule 8 of the Federal Rules of Civil Procedure provides that "a defendant [] must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." Fed. R. Civ. P. 8; *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (internal quotations omitted) ("[B]aldy 'naming' the broad affirmative defenses . . . [may] fall short of the minimum particulars needed to identify the affirmative defense in question . . . ."). Rule 9(c) provides that when a party "deni[es] that a condition precedent has occurred or been performed, [it] must do so with particularity." Fed. R. Civ. P. 9. CBRE's denial in its original answer "that all conditions precedent to a right of recovery have been satisfied" is not particular enough to give Beggins fair notice that CBRE also denied that

4

Beggins exhausted his administrative remedies under ERISA. This factor weighs against granting leave. *Sw. Bell Tel.*, 346 F.3d at 546.

Granting CBRE's motion for leave permits it to add an exhaustion defense that it otherwise waived. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."); *Garrison Realty, L.P. v. Fouse Architecture and Interiors, P.C.*, 546 Fed. App'x 458, 465 (5th Cir. 2013) ("The failure to plead an affirmative defense generally results in waiver of that defense."); *see also Crowell v. Shell Oil Co.*, 541 F.3d 295, 308-09 (5th Cir. 2008) (the ERISA exhaustion doctrine). Adding this affirmative defense is important to CBRE because it could preclude Beggins's ERISA claim. *See Hudson v. L&W Supply Corp., Inc.*, No. H–08–2471, 2009 WL 10693829, at *6 (S.D. Tex. June 18, 2009). Beggins argues that because he did exhaust administrative remedies under ERISA, the proposed amendment does not affect the outcome. (Docket Entry No. 23 at ¶17). But if the affirmative defense is allowed in the answer, it raises a disputed issue that cannot be resolved at this stage. *See, e.g.*, *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863 (N.D. Tex. Oct. 13, 2009) (declining to assess merits of a proposed amendment when deciding if the affirmative defense was important). The importance of allowing CBRE to assert its exhaustion affirmative defense weighs in favor of granting leave. *Sw. Bell Tel.*, 346 F.3d at 546.

Beggins will experience no unfair prejudice if CBRE's motion to amend is granted. Beggins argues that allowing the amendment will require him to incur additional expense and delay. (Docket Entry No. 23 at ¶¶ 18-20). But Beggins, "in an abundance of caution," has already argued in his response to CBRE's motion for summary judgment that he exhausted the available remedies as ERISA requires. (Docket Entry No. 19 at ¶¶ 42-45). To avoid any prejudice, the court will allow the parties to amend their summary judgment briefing to raise or modify their arguments. CBRE

5

may supplement its summary judgment motion if it does so by **Friday, June 1, 2018**. Beggins may respond by **Friday, June 8, 2018**. Two weeks will cause little delay. The absence of any unfair prejudice weighs in favor of granting leave. *Sw. Bell Tel.*, 346 F.3d at 546.

CBRE has satisfied Rule 16(b)'s requirements. Rule 15(a)'s more liberal standard makes granting CBRE's leave to amend proper. There is no record basis to conclude that CBRE acted in bad faith by omitting the affirmative defense of exhaustion with its original answer. Adding the affirmative defense will cause neither undue delay nor prejudice to Beggins because he has already addressed the affirmative defense in responding to CBRE's motion for summary judgment. The amendment is hardly futile. The motion is granted.

## IV. Conclusion

CBRE's motion for leave to file an amended answer, (Docket Entry No. 22), is granted. CBRE's proposed answer is deemed filed as this date. (Docket Entry No. 22-A). CBRE must file any supplement to its summary judgment motion by **Friday, June 1, 2018**. Beggins must respond by **Friday, June 8, 2018**.

SIGNED on May 18, 2018, at Houston, Texas.

                                                  Lee H. Rosenthal
                                     Chief United States District Judge