IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH F. BEGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1541 |
| | § | |
| CBRE CAPITAL MARKETS OF TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION GRANTING DEFENDANT'S APPLICATION FOR COSTS

The court granted CBRE's summary judgment motion and entered final judgment, finding that the parties would bear their own costs and fees. (Docket Entry Nos. 41–42). CBRE moved for leave to file a bill of costs and submitted its costs under Rule 54.2 of the Local Rules for the Southern District of Texas. (Docket Entry Nos. 43, 45). Beggins objected, arguing that each party should bear its own costs. (Docket Entry No. 47).

Based on the briefing and the applicable law, the court awards costs to CBRE, reducing the amount, and amends the order entering final judgment.

The Federal Rules of Civil Procedure provide that "costs—other than attorney's fees—should be allowed to the prevailing party," unless "a federal statute, these rules, or a court order provides otherwise." FED. R. CIV. P. 54(d)(1). A statute or rule "provides otherwise" by limiting the district court's discretion to allocate costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377, 133 S. Ct. 1166, 1173 (2013). The Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1), permits a court to award fees and costs to either party, "as long as the fee claimant has achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins.*

1

*Co.*, 560 U.S. 242, 244–45, 130 S. Ct. 2149, 2152 (2010) (quotation omitted). The court has discretion to award costs, but the presumption is that "the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Denying costs to a prevailing party "is in the nature of a penalty." *Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (quotation omitted). The district court may award only the costs defined in 28 U.S.C. § 1920, "absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274–75 (5th Cir. 2007) (quotation omitted); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2498 (1987).

CBRE prevailed on each claim Beggins raised against it. (Docket Entry No. 41). Beggins has made no attempt to rebut the presumption that CBRE receive its costs. The record discloses no basis to withhold costs. The court awards costs to CBRE.

CBRE submitted a bill of costs, totaling $6,180.82. (Docket Entry No. 45). CBRE listed $6,134.02 under the category, "Fees for printed or electronically recorded transcripts necessarily obtained for use in this case." (*Id.* at 1). Included in this category is mediation services provided by W. Jerry Hoover in the amount of $1,850.00. (*Id.* at 8). The court cannot award mediation expenses as taxable costs. *See Cook Children's Med. Ctr.*, 491 F.3d at 277 ("[W]e hold that the district court abused its discretion in awarding mediation expenses as taxable costs to Defendants under § 1920 in this ERISA action."). CBRE also included $1,116.19 for electronic legal research. (Docket Entry No. 45). While the Fifth Circuit has not decided whether electronic legal research is a taxable cost under § 1920, the weight of authority says it is not.[1] Finally, CBRE included $15.69

---

[1] *See CBT Flint Partners, LLC. v. Return Path, Inc.*, 773 F.3d 1320, 1333 (Fed. Cir. 2013) ("Nothing in Section 1920 covers research costs."); *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006) ("[E]xpenses for items such as attorney travel and computer research are not deemed 'costs' within the

2

in shipping costs. Section 1920 does not authorize the court to award costs for shipping fees. *See Scott v. Amarillo Heart Grp., LLP*, No. 2:12-CB-112-J, 2013 WL 4441533, at *2 (N.D. Tex. Aug. 20, 2013).

The court reduces CBRE's costs by $2,981.88. CBRE is awarded its total costs in the amount of $3,198.94. An order amending the final judgment will issue separately.

SIGNED on September 6, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

---

meaning of [§ 1920]."); *U.S. for Use & Benefit of Evergreen Pipeline Constr. Co., Inc v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) ("[C]omputer research is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not a separately taxable cost."); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiffs affidavits appear to include costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable."); *Jones v. Unisys Corp.*, 54 F.3d 625, 633 (10th Cir. 1995) ("[C]osts for computer legal research are not statutorily authorized."); *Haroco, Inc. v. Am. Nat'l Bank and Tr. Co. of Chi.*, 38 F.3d 1429, 1440 (7th Cir. 1994) (computerized legal research services are "properly classified as attorney's fees and not costs"); *Scott v. Amarillo Heart Grp., LLP*, No. 2:12-CB-112-J, 2013 WL 4441533, at *2 (N.D. Tex. Aug. 20, 2013) (secton 1920 does not encompass "postage, research[, or] supplies"); *Spectrum Comm'cn Specialists, LLC v. KMJ Servs., Inc.*, No. 09-159, 2012 WL 2190806, at *6 (E.D. La. June 14, 2012) ("Generally, costs for computer-related legal research is an expense of counsel and not taxable."); *Illinois Cent. R.R. Co. v. Harried*, No. 5:06-cv-160-DCB-JMR, 2011 WL 283925, at *6 (S.D. Miss. Jan. 25, 2011) ("[T]his Court denies Illinois Central's request to tax as costs charges incurred for electronic research using Westlaw and PACER."); *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581–82 (W.D. Tex. 2010) ("Honestech objects that costs for computerized legal research are not recoverable under § 1920, and the Court agrees."); *Sigur v. Emerson Process Mgmt.*, No. 05-1323-A-M2, 2008 WL 1908590, at *9 (M.D. La. Feb. 21, 2008) ("[D]efendants are not entitled to the computer legal research costs requested, as such expenses are considered compensable under an application for attorney's fees and therefore are not separately taxable as costs."); *Javelin Invs., LLC v. McGinnis*, No. H-05-3379, 2007 WL 1003856, at *4 (S.D. Tex. Mar. 30, 2007) (charges for electronic research "are clearly not taxable costs under § 1920"); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("[C]omputer-assisted research is not recoverable under 28 U.S.C. § 1920."). *But see Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 432 (8th Cir. 2017).

3